LECHE, J.
Plaintiff appeals from a judgment which rejects its demand and dissolves an injunction -issued at its request against defendants, and which allows defendants’ re-conventional demand and awards them $546.13 and costs.
Defendants first moved to dismiss the appeal. Subsequently they answered the same, and in their answer they pray that the judgment be increased to $4,696.13.
The motion-to dismiss was not argued. It does not appear to be founded on serious grounds, and it has virtually been abandoned. No ruling is therefore required to dispose of it.
The case involves almost entirely questions of fact. It was tried by a jury, and the judgment of the trial court is in accordance with the verdict.
The facts are by no means undisputed, but a preponderance of the evidence supports, in our opinion, the findings of the trial court.
Plaintiff is engaged in the business of automobile sales agency, and it occupies the building at No. 730 Julia Street in the city of New Orleans. It sublet to defendants, who conduct an auto-mechanics school, the upper floor of that building for a term beginning *764 June 1, 1920, and ending September 30, 1921, at the rate of $75 per month. About March or April, 1921, defendants, believing their floor space too small for the successful conduct of their school, approached the manager of plaintiff corporation, with a view of obtaining a modification of the terms of the lease. Plaintiff, also much pressed .for additional space to accopimodate its employees, readily consented to enter into some new agreement whereby it might relieve the congestion by which it was much inconvenienced in efficiently carrying on its work. Thus far there is no conflict in the claims of the parties. They were both anxious to get additional space. A new arrangement was as much sought for by plaintiff as it was by the defendants.
Our impression from the testimony, of what then took place, is that defendants, being at that time unable to find suitable quarters for their school, consented that plaintiff should have the use of one room on the upper floor in order to install a lavatory, toilets, and lockers for the use of its employees. That in consideration of defendant’s yielding the use of that room, plaintiff was to reduce the rent to $40 per month, change the location of the stairway, and defray all expenses which defendants might incur in moving, from one place to another, the machinery, lathes, and other paraphernalia which they used in the conduct of their school. Impliedly all of this was to be done in such manner as to least inconvenience defendants, and as a further consideration defendants were to have the privilege of extending their'lease three months longer; that is, to January 1, 1922.
It was in carrying out these contemplated changes that the differences arose, which caused plaintiff to seek out the present injunction, in order to restrain defendants from interfering with it and its employees in the use of the lavatories and toilets, which it had erected on the upper floor of the building.
A preponderance of the evidence shows that plaintiff, in making the changes to which the parties had agreed, disregarded entirely its duty not to unnecessarily inconvenience defendants in the use and enjoyment of that part of the premises which they were to retain. The stairs, according to the uncontradieted testimony of Eolse, were torn down in the morning before the students attending defendants’ school had reached the schoolrooms. Remonstrations to the carpenters employed by plaintiff were of no avail. Another stairway was eventually erected on the side of the building leading into a small alleyway incumbered with débris of all kinds. This alleyway was owned in common with an adjacent property owner whose objections to its use by the defendants had to be overcome. The baths and toilets were placed in such a way that defendants’ students had to pass between them in order to reach the schoolroom on their way in and out of the building. These baths and toilets were at first in full open view, and, even after repeated corp.plaints by defendants, were so improperly screened as to shock the modesty of the young men who attended defendants’ school. Complaints by defendants only served to irritate the business manager of plaintiff corporation. Defendants lost five new students as a result of the scenes they had to witness on entering the schoolrooms, and it was upon that occasion, to use Eolse’s own language, that they “chased” plaintiff’s employees out of the bathroom and told the manager of plaintiff they could not conduct a school under these conditions. The injunction was sued out the next day.
It appears to us that plaintiff recklessly interfered -with the free use and enjoyment of these premises by the defendants, in direct violation of its legal duty, in order to get rid of them and to regain the floor space *766 which it needed for its own purposes. Such must have been the view of the jury which tried the ease, and that is why we believe its finding of fact should he approved. There are other circumstances, though of a trivial nature, which support this view of the present controversy, and to dilate upon them would only unnecessarily lengthen this opinion.
In considering defendants’ answer to this appeal, we see no reason to increase the award of the trial court. Defendants’ claim for additional damages is faieiful and farfetched. The amount allowed them covers their actual expenses and losses, and we believe it is ample.
For these reasons the judgment appealed from is affirmed.